UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TANISHA WHITE<br>Plaintiff | CIVIL ACTION NO. 1:19-CV-01410 |
| VERSUS | JUDGE DRELL |
| CITY OF WINNFIELD ET AL<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (*de novo*) review of the record including the objections filed herein, and having determined that the findings and recommendation are correct under the applicable law;

IT IS ORDERED that Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 18) is GRANTED IN PART AND DENIED IN PART.[1] Specifically, Defendants' Motion is GRANTED IN PART as to the following claims: (1) § 1983 claims against Chief Carpenter in his official capacity (2) § 1983 claims against the City under *respondeat superior*; (3) state law tort claims against Defendants of aggravated battery, aggravated assault, negligent injuring, intentional infliction of emotional distress, negligent infliction of emotional distress, and abuse of process; and (4) state

---

[1] Defendants did not address White's *Monell* claim against the City. Therefore, White's *Monell* claim against the City remains. To the extent White asserts *respondeat superior* liability under state law against the City, that claim also remains. Further, the term "Defendants" for purposes of the rulings herein applies only to those Defendants who have been served. None of the definitive rulings and orders here apply to Lt. Curry, who has not yet been served.

law claims against Lt. Curry of negligent hiring, training, and/or supervision. Defendants' Motion is DENIED IN PART to the extent Defendants seek dismissal of White's suit as untimely, and as to dismissal of the *Monell* claim against the City, and the § 1983 claims against Chief Carpenter and Lt. Curry in their individual capacities.[2] To the extent Defendants seek dismissal of any other claims, Defendants' Motion is DENIED.

IT IS FURTHER ORDERED that the following claims are DISMISSED WITH PREJUDICE: (1) § 1983 claim against Chief Carpenter in his official capacity; and (2) § 1983 claim against the City under *respondeat superior*.

IT IS FURTHER ORDERED that the following claims are DISMISSED WITHOUT PREJUDICE: (1) White's state law tort claims against Defendants for aggravated battery, aggravated assault, negligent injuring, intentional infliction of emotional distress, negligent infliction of emotional distress, and abuse of process.

IT IS FURTHER ORDERED that White's state law claims against Lt. Curry of negligent hiring, negligent training, and/or negligent supervision are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that to the extent Defendants seek a stay of the proceedings and limited discovery, Defendants' request is DENIED.

IT IS FURTHER ORDERED that, under LR 41.3, White is ordered show good cause within fourteen (14) days of this Order why service of summons and complaint has not been made as to Officer Curry, subject to dismissal under LR 41.3.

---

[2] White's § 1983 Claims and state law tort claims against Officer Curry remain pending as they are not currently before the Court.

THUS, ORDERED AND SIGNED in chambers in Alexandria, Louisiana on this _8th_ day of July 2021

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT